## SHOOK *v.* SACHS.

### Opinion delivered December 13, 1915.

1. RES ADJUDICATA—ACTION ON NOTES—AGREEMENT OF PARTIES.—A. purchased land from B., giving in payment therefor, five notes, the contract between the parties providing that when default should be made in the payment of one note, that all the others should become due. In an action against A. when default was made in the payment of the first note, by agreement judgment was entered for the amount of the first note, and accrued interest on the remaining four. In a subsequent action on the remaining notes, *held*, that a plea of *res adjudicata* could not be sustained.

2. CONTRACTS—SALE OF LAND—PURCHASE MONEY NOTES—AGREEMENT BETWEEN THE PARTIES AFTER DEFAULT.—Defendant purchased land from plaintiff, giving five notes in payment. Upon default in the payment of the first note plaintiff obtained judgment for the amount thereof; the court ordering the land to be sold if it was not paid. The parties then agreed that the land should be sold, and bought in by the plaintiff, thus satisfying the whole debt. In an action by the plaintiff on three of the purchase money notes, *held*, that the agreement between the parties was supported by a sufficient consideration, and binding, and that the trial court erred in directing a verdict for the plaintiff.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; reversed.

#### STATEMENT BY THE COURT.

Louis Sachs instituted this action against R. Y. Shook to recover on three promissory notes for five hundred dollars each. The defendant answered and admitted the exe-

cution of the notes, entered a plea of *res adjudicata,* and further pleaded that the notes had been paid. Further facts will be stated in the opinion.

The court directed a verdict for the plaintiff, and from the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*C. T. Bloodworth,* for appellant.

1. The plea of *res adjudicata* should have been sustained. 29 Ark. 83; 57 Ark. 500; 107 Ark. 41; 174 S. W. 247; 175 S. W. 338; 12 La. Ann. 755; 23 Cyc. 1169, 1170, 1171.

2. The court erred in instructing the jury to find for the plaintiff. There was testimony which, if believed, would have justified the jury in finding for the defendant. 76 Ark. 96; *Id.* 538; 63 Ark. 94; 71 Ark. 305; 73 Ark. 561.

3. The court erred in excluding the evidence offered by appellant as to the agreement between himslf and appellee after the rendition of the decree in the chancery court. Appellant unquestionably had the right, after the decree and before sale, to pay of the decree and keep the land, and the equity of redemption afforded ample consideration for the agreement.

*M. P. Huddleston, Robert E. Fuhr* and *J. M. Futrell,* for appellee.

1. The plea of *res adjudicata* was properly overruled. The decree rendered in the chancery court shows on its face the matters there adjudicated, and that a consent judgment was there taken only on the note due January 1, 1913, and interest on the remaining notes due at that time.

Each note constitutes a separate cause of action and will support a separate judgment. 94 U. S. 351; 23 Cyc. 1173; Freeman on Judgments, § 227A; *Id.* § 238; 77 N. Y. 420.

2. The testimony with reference to the alleged agreement was properly excluded because (1) it fails to show whether the conversation took place before or after the institution of the suit in the Greene Chancery Court. (2) If it took place after the release deed by the Missouri

State Life Insurance Company, his right of redemption was gone, and, to be competent testimony, the agreement should have been in writing. 20 Cyc. 232; 56 Ark. 130; 43 N. E. 93. (3) The agreement was without consideration.

HART, J., (after stating the facts). It is contended by counsel for the defendant that the court erred in refusing to sustain his plea of *res adjudicata.* To sustain his plea, the defendant introduced the pleadings and judgment in another case to the following effect; the defendant entered into a contract to purchase from the plaintiff a certain tract of land and executed his five promissory notes for five hundred dollars each in payment therefor. The plaintiff executed his bond for title to the defendant, conditioned that on the punctual payment of said notes, he would convey the land to the defendant. The defendant transferred his bond for title to certain parties. Subsequently these parties and the defendant executed to other parties a timber deed conveying the title to all of the hickory and white oak timber growing on the land. Sachs instituted a suit in the chancery court in which these facts were set up with the additional fact that his contract contained a provision that when default should be made in the payment of one note, all of the notes should become due. The prayer of his complaint was for judgment on all the notes, and that the amount thereof be declared a lien on the lands.

The defendant Shook answered and admitted the execution of the notes, but denied that any of them was due, except the first one.

(1) The court, by consent of the parties, entered a decree in favor of the plaintiff for the first note and interest on all of the notes. The amount of the judgment was declared a lien upon the lands and upon default of the payment thereof within the time designated by the court, the lands were ordered to be sold.

We are of the opinion that under this state of facts it is manifest that the plea of *res adjudicata* should not be sustained. Under the issue tendered by the defendant, the court, by consent of the parties, rendered judgment

for the first note and the accrued interest on the remaining notes. The question of whether the other notes were due and payable was by consent of the parties eliminated from the action, and not being in issue in that case the plea of *res adjudicata* made by the defendant in the present case must be denied.

It is next contended by counsel for the defendant that the court erred in rejecting certain testimony offered by him to the jury. The defendant offered to prove that after the decree in the chancery case had been entered of record, he made an agreement with the plaintiff whereby the lands should be sold in payment of the judgment rendered, and that this should be taken in full satisfaction of all the notes, and that pursuant to this agreement, he had allowed the lands to be sold, and had permitted the plaintiff and his son to buy them in, that they were bought in for an amount less than the judgment of the court, and that the defendant paid the balance of $74.06 to the plaintiff, and without objection allowed the sale to be confirmed by the court.

The court refused to admit this testimony, and in this we think it committed error. The agreement just recited shows that the plaintiff agreed that if the defendant would permit the lands to be sold in payment of the judgment already rendered, that this would be taken as a satisfaction of the whole debt. Pursuant to this agreement, the plaintiff allowed the lands to be sold, the plaintiff to become the purchaser at the sale, and the sale to be confirmed by the court without objection on his part. This was a sufficient consideration to support the agreement on the part of the plaintiff to accept a less amount than was claimed in full satisfaction of the obligation due him by the defendant for the purchase of the lands.

It follows that the court erred in directing a verdict for the defendant, and for that error the judgment must be reversed and the cause remanded for a new trial.